**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

**UNITED STATES OF AMERICA,**
                    Plaintiff,

v.

**DEREK T. GONZALES,**
                    Defendant.

Case No. MJ18-5202

**DETENTION ORDER**

THE COURT, having conducted a detention hearing on September 4, 2018 pursuant to 18 U.S.C. § 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community. The Court offered the opportunity to make a statement, and the Assistant United States Attorney indicated that a representative of the minor victim would not be making a statement at that time. See 18 U.S.C. § 3771(a)(4), (e)(2)(B), Fed. R. Crim. P. 60(a)(3), (b)(2).

The government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to the community based on the circumstances of the current charges of sexual abuse (count 1), abusive sexual contact (count 2), sexual abuse (count 3) and sexual abuse (count 4). See Dkt. 1, Complaint. Even with proposed conditions by which the defendant's movements may be monitored (see Dkt. 9, Supplemental Pretrial Report), the Court finds that there are no release conditions or combination of conditions that would effectively mitigate the dangerousness and potential harm the defendant would present to the alleged victims as well as others in the community.

The defendant allegedly sexually assaulted and abused two young women, sisters in their family home – a family setting where people placed trust in him. The risk of a repeat of the defendant's behavior of alleged sexual assault cannot be successfully reduced by placing conditions of supervision on the defendant. Although the defendant has strong ties to the community where he resides, he does not appear to be stable or reliable in terms of his ability to control his behavior at this time. Also, the proposed residence was his grandmother's home, and the U.S. Probation and Pretrial Services professionals had not completed an investigation of whether she had any criminal history. Despite the best intentions of the defendant's family to prevent contact between the defendant and other persons in the community, the U.S. Probation and Pretrial Services professionals cannot constantly monitor whether young people in the community might potentially become at risk of contact with the defendant if they were to inadvertently visit the defendant's grandmother's neighborhood or home. See Dkt. 9, at p. 3. The risk of contact between the defendant and vulnerable young persons in the community is extreme, especially considering that other grandchildren often have contact with the defendant's grandmother, and there is a high school located only two blocks from Mr. Gonzales' grandmother's home. *Id.*

This finding is based on 1) the nature and circumstances of the offense(s) charged, including the allegations of repeated sexual assault and abusive behavior by the defendant – and one of the victims was a young person, as indicated by offenses charged in counts 1-3, involving Jane Doe 2, who was a minor; 2) the weight of the evidence against the defendant, including the defendant's statements to law enforcement; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumption under 18 U.S.C. § 3142(e)(3)(E):**
(X)     Probable cause to believe the defendant committed an offense in violation of 18 U.S.C. § 2242 involving a victim under the age of 18.

The defense produced evidence in support of a request for electronic home monitoring and other conditions of supervision, but the evidence was insufficient to rebut the presumption of detention in this situation. The Complaint (Dkt 1) alleges that the defendant sexually abused two individuals, Jane Doe 1, and Jane Doe 2, who are sisters. Jane Doe 2 was fifteen years old when the abuse began. The crime charged in count 1 of the Complaint allegedly took place in April 2017, and involved Gonzalez grabbing Jane Doe 2 forcefully in her home, on her bed, sexually abusing her while she was on medication. The crime charged in count 2 of the Complaint allegedly took place in May 2017, and involved Gonzalez sexually touching Jane Doe 2 while in her home on a couch. The crime charged in count 3 of the Complaint allegedly took place on May 18, 2017, and involved Gonzalez sexually abusing Jane Doe 2 in her home in bed, while Jane Doe 2 was on

medication. The crime charged in count 4 of the complaint allegedly took place July 30-31, 2018 and involved Gonzalez sexually abusing Jane Doe 1 in her home, on a mattress in the living room. The crimes against Jane Doe 2 were discovered when she and Jane Doe 1 talked (in early August of 2018) about Gonzalez' alleged abuse of Jane Doe 1 on July 30-31, 2018, and they went to the police. Jane Doe 2 communicated to Jane Doe 1 that she (Jane Doe 2) did not report the 2017 crimes earlier because their family considered Gonzales to be a family member. Jane Doe 2 also explained that she was ashamed of what happened and thought it was disgusting, and that was another reason she did not report it right away. When Jane Doe 2 realized this had also happened to her sister, she decided she should tell her mother. The defendant made inculpatory statements to the police when he was arrested. Dkt. 1.

The Court considered whether supervision, including electronic home detention (at the home of the defendant's grandmother) with GPS monitoring, and potentially a third party custodian (grandmother of the defendant) would be enough to reasonably assure the safety of any other person and the community. The Court is aware that GPS monitoring would allow the U.S. Probation and Pretrial Services professionals to monitor the defendant's movements (however it is not entirely clear that the remote location in Neah Bay, Washington, of the defendant's grandmother's home would allow for constant GPS monitoring). Yet the Court is also aware that even the most reliable GPS monitoring would not prevent children or other vulnerable persons from coming to the neighborhood where the grandmother's home is located, or into the residence or the outdoor areas near the residence where the defendant would be residing.

The Court is mindful of the defendant's Constitutional right to be presumed innocent until guilt is proved beyond a reasonable doubt. The Court is also mindful that the defendant has a history of emotional and behavioral disabilities. The Court finds that the repeated sexually abusive acts and evidentiary support alleged in the Complaint shows that if the defendant is not detained, there is a significant probability of danger to others and to the community. The Court did not consider any of the information that was mentioned at the end of the detention hearing, when the Assistant United States Attorney indicated that there may be additional matters that U.S. Probation and Pretrial Services professionals may wish to investigate regarding the proposed residential placement, if the defendant were to be placed on home detention.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

September 5, 2018

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge